ROBERT S. ROGERS, APPELLANT, v. BEN SHORT, RESPONDENT

No. 3610

January 12, 1951.                                226 P.2d 276.

John W. Bonner, of Las Vegas, for Appellant.

Emilie N. Wanderer, of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Defendant's car collided with plaintiff's, and plaintiff recovered judgment for $374.30 for the resulting damage. Defendant has appealed, his sole assignment of error being that the trial court failed to make a finding of negligence on the part of defendant, and that the judgment is accordingly without support.

The only part of the evidence presented in the record is a copy of the official report of the accident, which was admitted in evidence by stipulation of the parties. From this it appears that the collision occurred at the intersection of Fifth and Carson streets in Las Vegas, the official report reading as follows: "Car No. 2 [plaintiff's car] stopped at stop sign at the intersection of Fifth and Carson, and was headed west [on Carson] waiting for the light to change. Car No. 1 [defendant's car] was headed west on Carson and approaching the intersection and stepped on his brake to stop and had no brakes. Investigation showed the pin had dropped out of the brake rod connection. Therefore car No. 1 hit car No. 2 in the rear and causing considerable damage to car No. 2." The report further shows that plaintiff's car was a 1941 Oldsmobile club coupe and that defendant's car was a 1931 Ford roadster; that defendant's car had defective brakes; that there was no obscured vision; that the street was level, smooth and dry.

The court signed findings reflecting most of these facts, but from plaintiff's proposed finding that defendant operated his car "in such a negligent manner" that it collided with plaintiff's car, the court struck out the word "negligent." It also struck from plaintiff's proposed form of judgment the statement "that all of the allegations of plaintiff's complaint are true," but permitted to remain in the findings the recital that all of the "allegations and denials" of defendant's answer were untrue. Defendant's answer "denies that he was

guilty of any wrong, unlawful or negligent conduct, whatever in either the operation, condition, driving or being in the possession of said automobile," and denies that he permitted it to be in a poor condition or allowed the brakes to be in a state of disrepair, or that he negligently permitted it to collide with plaintiff's car. The court rejected a finding proposed by defendant to the effect that he did not drive his car in a negligent, reckless, wrongful or unlawful manner, and rejected defendant's further proposed finding that the collision was unavoidable by either party.

Under the circumstances we are unable to say that the trial court refused or failed to find negligence on the part of the defendant, or that the judgment is without support in the findings.

No error appearing, it is ordered that the judgment and the order denying motion for new trial be, and the same hereby are, affirmed with costs.

EATHER, J., concurs.

HORSEY, C. J., did not participate, his term of office having heretofore expired.

MERRILL, J., did not participate, having become a member of the court after said matter was argued and submitted.